## JACOBSEN *v.* JACOBSEN.

DIVORCE—CONSTRUCTION OF STATUTE.—Under section 492 of the civil code, when the marriage was not solemnized in this State, no "right of suit," within the meaning of section 494, exists in favor of a party until he has been an inhabitant of the state for one year.

APPEAL from Wasco County.

*J. H. Bird,* for appellant.

No appearance for respondent.

By the Court:

Plaintiff and defendant were residents of Washington Territory until December, 1882, when they separated, plaintiff removing to this state, where she has since lived. On the 28th of January, 1884, she began this suit for a divorce, on the ground of the cruel and inhuman treatment of her husband. No answer or appearance was made by the defendant. The facts alleged were satisfactorily established by the evidence, but the last act complained of or proven happened before the separation of the parties, and more than a year prior to the commencement of the suit.

The last clause of section 494, civil code, provides that "when the suit is for any of the causes specified in subdivisions 3, 4, 5 or 6 of section 491, the defendant may admit the charge, and show in bar of the suit that the act complained of * * has not been committed within one year after the right of suit accrued;" and said subdivision 6 is the one upon which this suit is grounded. It was held by the court below that the clause of section 494 just quoted constituted a bar, whenever it appeared that more than a year had elapsed between the act complained of and the

commencement of the suit, and this whether the defendant claimed the benefit of the provision or not.

We are unable to concur in this view. By section 493 it is enacted that "In a suit for the dissolution of the marriage contract, the plaintiff therein must be an inhabitant of the state at the commencement of the suit and for one year prior thereto; which residence shall be sufficient to give the court jurisdiction without regard to the place where the marriage was solemnized or the cause of suit arose." In this case, it appears that when the conduct of the defendant became such that the plaintiff could no longer endure it, she left his domicile and took up her residence in this state. Under section 493, she could not maintain a suit here until she had been an inhabitant of the state for one year. And according to the view of the court below she is barred when the year has elapsed.

But it seems clear that by the "right of suit," spoken of in section 494, is meant a present right to resort to the courts for redress. Such a right did not accrue to the plaintiff till she had been an inhabitant of this state for a year, or less than two months before she filed her complaint.

Whether the provisions of section 494, above quoted, could be held to bar a suit in any case when not pleaded by the defendant, it is not necessary now to decide.

Let a decree be entered in accordance with the prayer of the complaint.